# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL H.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 2:20-cv-03634-MAA <br><br> **MEMORANDUM DECISION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

On April 20, 2020, Plaintiff filed a Complaint seeking review of the Social Security Commissioner's final decision denying his application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act. This matter is fully briefed and ready for decision. For the reasons discussed below, the Commissioner's final decision is reversed, and this action is remanded for further administrative proceedings.

///

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

# ADMINISTRATIVE HISTORY

On August 29, 2016, Plaintiff protectively filed an application for a period of disability and disability insurance benefits, alleging disability beginning on September 29, 2015. (Administrative Record [AR] 433, 583.) Plaintiff alleged disability because of "ptsd; L5; S1 fusion with hardware." (AR 494.) After the application was denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 526-27.) During a hearing held on June 18, 2019, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff and a vocational expert. (AR 451-77.)

In a decision issued on July 25, 2019, the ALJ denied Plaintiff's disability claim after making the following findings pursuant to the Commissioner's five-step evaluation. (AR 433-46.) Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date of September 29, 2015. (AR 435.) He had severe impairments consisting of status post lumbar disc fusion, post traumatic stress disorder, and bipolar disorder. (*Id.*) He did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments. (*Id.*) He had a residual functional capacity for medium work "except limited to understanding, remembering and carrying out simple routine and repetitive tasks using judgment limited to simple work related decisions; capable of socially responding appropriately to coworkers and the public occasionally; and capable of socially responding appropriately to supervisors frequently." (AR 437.) He could no longer perform his past relevant work as a dump truck driver. (AR 444.) However, he could perform the requirements of medium unskilled occupations, under Rules 203.21 and 203.14 of the Medical-Vocational Guidelines. (AR 445.) Thus, the ALJ concluded that Plaintiff was not disabled, as defined by the Social Security Act, from September 29, 2015 through the date of the ALJ's decision. (*Id.*)

///

Plaintiff requested review by the Appeals Council. (AR 579-82, 641-43.) As part of the request, Plaintiff submitted several pages of additional evidence (AR 7-424), which the Appeals Council made a part of the record (AR 2). On March 24, 2020, the Appeals Council denied Plaintiff's request for review (AR 1-6), making the ALJ's decision the final decision of the Commissioner.

## DISPUTED ISSUES

The parties raise the following disputed issues:

1. Whether the ALJ's residual functional capacity assessment is supported by substantial evidence; and

2. Whether the ALJ properly evaluated Plaintiff's subjective complaints.

(ECF No. 16, Parties' Joint Stipulation ["Joint Stip."] at 4.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

# DISCUSSION

## I. Residual Functional Capacity Assessment (Issue One).

In Issue One, Plaintiff claims that the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence. (Joint Stip. at 5-7, 12-13.)

The ALJ found, as noted above, that Plaintiff had an RFC for medium work with additional mental functional limitations. (AR 437.) Plaintiff claims that the ALJ's finding of medium work, in particular, is belied by the medical record and by the opinions of a nurse practitioner and two state agency review physicians. (Joint Stip. at 5-7.)

Plaintiff has not shown that reversal is warranted for the reasons he states. First, Plaintiff's argument that an RFC for medium work is belied by the medical record relies on objective laboratory findings and medications that purportedly contradict an ability for medium work. (Joint Stip. at 5.) But this evidence, without further explanation, is not clearly inconsistent with an RFC for medium work. *See Decker v. Berryhill*, 856 F.3d 659, 665 (9tt Cir. 2017) (commenting that "[j]udges are not physicians" and holding that abnormal medical laboratory reports, without more, do not compel a different result from that reached by the ALJ).

Second, Plaintiff's argument that an RFC for medium work is belied by the opinions of a nurse practitioner and two state agency review physicians is not properly developed. The ALJ stated several specific reasons not to credit these opinions (AR 441, 442-43), yet Plaintiff has failed to respond to the ALJ's reasons with a corresponding specificity (Joint Stip. at 5-6). Accordingly, the Court will not address whether the ALJ, as part of the RFC assessment, properly considered the opinions of the nurse practitioner and the two state agency review physicians. *See Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address an ALJ's finding because the claimant failed to argue this issue with any specificity in his briefing).

In sum, Plaintiff has not shown that the ALJ's RFC assessment warrants reversal for the reasons stated in Issue One.

**II.  Subjective Symptom Testimony (Issue Two).**

In Issue Two, Plaintiff claims that the ALJ did not properly evaluate his subjective symptom testimony. (Joint Stip. at 14-16, 21-24.)

**A.  Legal Standard.**

An ALJ must make two findings in assessing a claimant's pain or symptom testimony. SSR 16-3P, 2017 WL 5180304, at *3; *Treichler*, 775 F.3d at 1102. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler*, 775 F.3d at 1102 (citation omitted). "Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms" and those reasons must be supported by substantial evidence in the record. *Id.*; *see also Marsh v. Colvin*, 792 F.3d 1170, 1174 n.2 (9th Cir. 2015).

"A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (*en banc*)).

Beginning on March 28, 2016, SSR 16-3P rescinded and superseded the Commissioner's prior rulings as to how the Commissioner will evaluate a claimant's statements regarding the intensity, persistence, and limiting effects of

symptoms in disability claims. *See* SSR 16-3P, 2017 WL 5180304, at *1. Because the ALJ's decision in this case was issued on July 25, 2019, it is governed by SSR 16-3P. *See id*. at *13 and n.27. In pertinent part, SSR 16-3P eliminated the use of the term "credibility" and clarified that the Commissioner's subjective symptom evaluation "is not an examination of an individual's character." SSR 16-3P, 2017 WL 5180304, at *2; *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). These changes are largely stylistic and are consistent in substance with Ninth Circuit precedent that existed before the effective date of SSR16-3P. *See Trevizo*, 871 F.3d at 678 n.5.

### B. Background.

Plaintiff testified at the hearing as follows about his medical condition and limitations:

The biggest problem preventing him from working is post traumatic stress disorder. (AR 458.) He also suffers from bipolar disorder with depression, and he "broke [his] back in 2000." (*Id*.) His physical condition makes it difficult to lift things or walk for long distances. (*Id*.) His mental condition causes sleep problems, flashbacks, anxiety, hypervigilance, irritability, a short temper, and problems getting along with others. (AR 459.) His treatment has included, among other things, group therapy (AR 459-60), Gabapentin (AR 460), and Depakote (AR 462). He was psychiatrically hospitalized for suicidal thoughts. (AR 463).

He can sit for an hour at a time, stand for thirty minutes to an hour at a time, walk for a hundred feet or twenty minutes at a time, and lift less than five pounds. (AR 466.) He washes dishes and does some vacuuming, but his daughter helps him with chores such as taking out the trash. (*Id*.) He rarely goes anywhere except to restaurants on occasion. (*Id*.) His wife uses a wheelchair, so he helps her with her personal care (AR 467) and takes her to medical appointments (AR 468). His wife does the shopping, cooking, and laundry, but he helps her. (AR 467-68.) He takes

care of other household chores such as making the bed and changing the sheets. (AR 469.)

### C. Analysis.

The ALJ first found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (AR 438.) However, the ALJ next found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (AR 438-49.)

The Court's review of the ALJ's findings includes consideration of evidence presented for the first time to the Appeals Council, even though the ALJ did not have an opportunity to consider that evidence. *See Brewes v. Commissioner of Social Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012) ("We hold that when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence."). As discussed below, the ALJ's reasoning for rejecting Plaintiff's subjective symptom testimony was not supported by substantial evidence, largely because of evidence presented to the Appeals Council.

#### 1. normal level of daily activity.

Evidence of a claimant's daily activities may be used to discredit the claimant's subjective symptom testimony on two grounds: the activities contradict the claimant's other testimony, or the activities meet the threshold for transferable work skills. *See Orn*, 495 F.3d at 639.

Here, the ALJ relied on evidence of Plaintiff's daily activities to discredit Plaintiff's testimony on both grounds. (AR 439.) The ALJ found both that the

activities required mental abilities and social interactions that were "the same as those necessary for obtaining and maintaining employment" and that the activities "undermine [Plaintiff's] allegations of disabling functional limitations." (*Id.*) The specific activities the ALJ cited were Plaintiff's ability to "attend to his personal care and hygiene, manage medications and appointments, perform household chores, travel, attend various family events, care for his wife, help with shopping, drive, engage in woodworking, and participate in various therapeutic groups." (*Id.*)

With respect to the first ground, evidence of Plaintiff's activities did not clearly and convincingly show that he engaged in mental abilities and social interactions that were transferable to a work environment. The evidence showed that some of the activities resulted in a recurrence of symptoms or required support from mental health providers. Specifically, a trip to Indiana for a family event resulted in "frequent and intense anxiety" and encouragement from his mental health providers to leave the house. (AR 842.) Another trip to Indiana, which Plaintiff took to visit his dying father, resulted in increased anxiety and an increase in Lorazepam. (AR 2133.) Plaintiff's other activities—personal care, medication management, household chores, assisting his wife, woodworking, and group therapy—were performed in a private or supportive environment, which is not easily compared to a work environment. More significantly, evidence presented to the Appeals Council showed that Plaintiff performed his daily activities with the help of occupational therapy (AR 309), where he was encouraged to break up tasks into smaller tasks and to take frequent breaks or naps (AR 309, 312-13; *see also* AR 116-17, 179-80, 208). Activities performed in this limited context, which sometimes resulted in increased anxiety and setbacks, were not clearly transferable to a work environment. *See Smolen v. Chater*, 80 F.3d 1273, 1287 n.7 (9th Cir. 1996) ("[M]any home activities may not be easily transferable to a work environment where it might be impossible to periodically rest or take medication.") (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). Thus, this was not a

clear and convincing reason based on substantial evidence to discount Plaintiff's subjective symptom testimony.

With respect to the second ground, evidence of Plaintiff's activities did not clearly and convincingly show a contradiction with Plaintiff's other testimony. Evidence presented to the Appeals Council, as noted above, showed that Plaintiff required adaptive strategies for many of the activities, such as breaking up tasks into smaller tasks (AR 116-17, 312), taking frequent breaks (AR 312), taking naps (AR 313), asking for help (AR 179), using "activity/rest pacing" (*id.*), using a back brace to stabilize his lumbar spine (AR 208), and avoiding repetition with aggravating movements (AR 309). Activities performed with these limitations did not show a clear contradiction with Plaintiff's testimony about his limitations. *See Revels v. Berryhill*, 874 F.3d 648, 667-68 (9th Cir. 2017) (claimant's performance of various household tasks with regular breaks did not show a wide disparity with her symptom testimony). Thus, this also was not a clear and convincing reason based on substantial evidence to discount Plaintiff's subjective symptom testimony.

### 2. additional findings.

After making the findings about Plaintiff's daily activities, the ALJ then made additional findings about Plaintiff's mental impairments and lumbar pain, but without specifically tying these latter findings to Plaintiff's subjective symptom testimony. (AR 439.) Without this requisite specificity, the Court cannot construe these latter findings as reasons to discount Plaintiff's subjective symptom testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1139 (9th Cir. 2014) ("Although the ALJ made findings . . . concerning Claimant's treatment for headaches, he never stated that he rested his adverse credibility determination on those findings."); *see also Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (general findings from the medical record are insufficient to reject a claimant's testimony) (citing *Brown-Hunter*, 806 F.3d at 493-94 (an ALJ's summary of the medical evidence does not

suffice to explain a non-credibility determination); and *Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009) (an ALJ's discussion of physicians' findings did not suffice to reject a claimant's subjective complaints of pain)); *Treichler*, 775 F.3d at 1103 (a reviewing court cannot speculate that an ALJ rejected a claimant's testimony to the extent it conflicted with the medical evidence); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) ("It's not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible."); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201-02 (9th Cir. 1990) (ALJ's discussion of a claimant's daily activities, which the ALJ did not specifically link to a conclusion that the claimant lacked credibility, was too speculative to uphold the credibility determination).

Even assuming that the ALJ's findings regarding Plaintiff's mental impairments and lumbar pain were stated as reasons to reject Plaintiff's subjective symptom testimony, they would not appear to be clear and convincing reasons based on substantial evidence, particularly in light of the evidence presented to the Appeals Council. First, the ALJ's finding that Plaintiff's mental impairments showed overall improvement (AR 439) would not be convincing in light of evidence of suicidal ideation (AR 756, 885), an emergency room visit for panic attacks (AR 1025), frequent anxiety attacks (AR 756, 777, 1460, 2691), and a psychiatric hospitalization two months before the ALJ's decision (AR 3002-156). Second, the ALJ's findings that Plaintiff's lumbar pain was managed with injections and that Plaintiff had a normal gait (AR 439) would not be convincing in light of evidence that Plaintiff required bilateral radiofrequency neuroablation (AR 107, 181, 261-62) and was prescribed a walker (AR 78). Thus, these findings would not be legally sufficient reasons to reject Plaintiff's subjective symptom testimony in any event.

///

///

### D. Conclusion.

Clear and convincing reasons based on substantial evidence were not stated to reject Plaintiff's subjective symptom testimony, particularly in light of evidence presented for the first time to the Appeals Council. Thus, reversal is warranted for Issue Two.

## III. Remand for Further Administrative Proceedings.

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Id.* "If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (citation and internal quotation marks omitted).

Here, the record is not free from conflicts and ambiguities, and all essential factual issues have not been resolved. The record includes evidence that the ALJ never had an opportunity to consider and discuss, because it was presented for the first time to the Appeals Council. *See Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000) (where the ALJ's findings lack substantial support because of evidence presented to the Appeals Council, the appropriate remedy is to remand the case to the ALJ to consider the evidence). Because of these outstanding issues, the Court declines to credit Plaintiff's testimony as true. *See Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017) ("A district court cannot proceed directly to credit a claimant's testimony as true and then look to the record to determine whether there are any issues outstanding, as 'this reverses the required order of analysis.'") (quoting *Dominguez*, 808 F.3d at 409); *see also Treichler*, 775 F.3d at 1106 ("[A] reviewing court is not required to credit claimants' allegations regarding the extent

of their impairments as true merely because the ALJ made a legal error in discrediting their testimony.").

The record raises factual conflicts about Plaintiff's level of functioning that "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (stating that remand for an award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Burrell*, 775 F.3d at 1141 (remand is appropriate where the record creates doubt as to whether claimant is disabled); *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the existing record does not clearly demonstrate that the claimant is disabled within the meaning of the Social Security Act).

Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

## ORDER

It is ordered that Judgment be entered reversing the final decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: April 23, 2021

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE